

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2011

# In Re: Diet Drugs

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-3848

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"In Re: Diet Drugs " (2011). *2011 Decisions.* Paper 510.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/510

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

for the Eastern District of Pennsylvania denying her motion for relief from
the District Court's earlier order which enforced a settlement agreement with
Wyeth.[1] For the reasons set forth below, we will affirm the order of the
District Court.

I.

Because we write only for the parties, who are familiar with the factual
context and legal history of this case, we set forth only those facts necessary
to our analysis.

Wyeth manufactured and distributed the prescription diet drugs at issue
in this multi-district litigation until 1997, when it withdrew the drugs from the
market. A nationwide class action followed, and a settlement was reached in
2000. The Diet Drug Settlement Agreement created a trust, the AHP Settlement
Trust, to pay benefits to certain qualifying class members.

Pickering is a member of the settlement class because she used the diet
drugs. In the fall of 2004, she sought to pursue a claim for benefits with the
Trust. On May 15, 2005, she was examined by Dr. Neil Buckley, who performed
an echocardiogram and completed a Green Form. The Green Form is the claim

[1] Wyeth was previously known as American Home Products
Corporation. We refer to the company as "Wyeth" throughout this opinion.

for the Eastern District of Pennsylvania, which denied her claim for Matrix Compensation Benefits under the Diet Drug Nationwide Class Action Settlement Agreement. We exercise final order jurisdiction under 28 U.S.C. § 1291. *In re Diet Drugs Prod. Liab. Litig.*, 543 F.3d 179, 184 n.10 (3d Cir. 2008). Because a district court exercises "its equitable authority to administer and implement a class action settlement," we review for an abuse of discretion. *Id.* An abuse of discretion may be found if the District Court's decision is based on a clearly erroneous factual finding, an error of law, or an improper application of law to fact. *Id.*

Pickering contends that the District Court abused its discretion by concluding that she failed to establish a reasonable medical basis for the opinion of her attesting physician, Dr. Evans, that she had moderate mitral regurgitation, which would entitle her to Matrix Compensation Benefits. In Pickering's view, the District Court failed to adequately consider not only the evidence she initially submitted in support of her claim, but also the supplemental evidence she provided to establish a reasonable medical basis for Dr. Evans' opinion. She contends that the District Court improperly relied on the technical advisor's medical opinion that she had only mild mitral valve regurgitation, which does not entitle her to benefits, and that there was no reasonable medical basis for Dr. Evans' claim.

We have carefully reviewed the Show Cause Record developed in this case.

2

Pickering's contention that the District Court failed to adequately consider the evidence she adduced in the Show Cause Proceeding is belied by the District Court's comprehensive Memorandum. The assertion that the District Court improperly relied on the technical advisor's opinion is likewise unpersuasive. The Court scrutinized all of the medical opinions and noted that Pickering had failed to rebut certain assessments that supported the opinions of both the auditing cardiologist and the technical advisor that she did not have moderate mitral regurgitation. Because the evidence of record permits a finding that there may be either a reasonable medical basis or no reasonable medical basis for Dr. Evans' opinion, we can discern no clear error of fact, which would constitute an abuse of discretion warranting reversal. *See Anderson v. City of Bessemer,* 470 U.S. 564, 573-74 (1985). We will affirm the judgment of the District Court.